USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  09/08/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

MIGUEL CISNEROS PORTILLO, et al.,          :

                  Plaintiffs,     :        16-CV-2429 (JMF)

          -v-             :       MEMORANDUM OPINION
                              :        AND ORDER

NEW KO-SUSHI JAPANESE RESTAURANT, INC., et :
al.,                                 :

                  Defendants.   :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On June 6, 2017, following a jury trial in this case brought pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq., and New York Labor Law, the Court entered judgment in

Plaintiffs' favor for a cumulative total of more than $600,000.  (Docket No. 118).  Plaintiffs now

seek attorney's fees and costs totaling $85,462.27.  (Docket No. 126 ("Pls.' Reply"), at 6 & Ex.

A).  Opposing their motion, Defendants argue that Plaintiffs' counsel's hourly rates are

unreasonable and that the hours expended by Plaintiffs' counsel were unreasonable and

inaccurate on various grounds.  (*See* Docket No. 124 ("Defs.' Opp'n")).

      Upon review of the parties' submissions, the Court agrees with three of Defendants'

objections to Plaintiffs' request.  *First*, based on the thorough and well-reasoned analyses of

Judges Engelmayer and Abrams in recent cases, the Court agrees that the hourly rates sought by

Plaintiffs are unreasonable.  *See Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL

66325, at *3 (S.D.N.Y. Jan. 6, 2017); *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515 (RA),

2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017).  Instead, the Court will use the following

reasonable hourly rates for each of the lawyers involved in this case: $400 for Michael Faillace; $350 for Joshua Androphy; $250 for Gerald Ellis; and $200 for Marisol Santos. *See, e.g.*, *Hernandez*, 2017 WL 66325, at *3.

*Second*, the Court agrees that the amount of time Mr. Faillace spent drafting, revising, and finalizing the complaint — a total of 11.6 hours — was excessive and unreasonable. This case was a fairly straightforward wage-and-hour case. That is the bread and butter of Mr. Faillace's firm — indeed, it appears to be the only kind of cases his firm brings. Based on the Court's experience in these kinds of cases generally and with Mr. Faillace's firm specifically (including review of more than one complaint drafted by Mr. Faillace in which the names of other parties were erroneously included, presumably as a result of an imperfect cut-and-paste job), the Court finds it hard to believe that Mr. Faillace began from scratch when drafting the standardized complaint in this case. The Court finds that it should have taken Mr. Faillace three hours, at most, to perform those tasks.

*Finally*, the Court agrees with Defendants that the ministerial task of filing submissions on ECF should have been performed by a paralegal, billing at $100, rather than a lawyer billing at a much higher rate. *See, e.g.*, *Serricchio v. Wachovia Sec., LLC*, 706 F. Supp. 2d 237, 263 n.18 (D. Conn. 2010) ("Courts have awarded fees for non-legal tasks performed by attorneys at paralegal rates." (citing cases)). By the Court's count, there are sixteen entries that are limited to or include filing by lawyers — including, most egregiously, .75 hours that Mr. Faillace billed for "fil[ing] complaint and summons onto ECF." (Pls.' Reply Ex. A, at 2). The Court finds that, for each entry that includes filing and other tasks, .25 hours should be billed at the $100 hourly rate, while the remainder of the entry should be billed at the attorney's reasonable hourly rate.

The Court concludes that Defendants' other arguments are without merit, substantially

for the reasons stated by Plaintiffs in their reply memorandum of law.  Accordingly, and

adjusting Plaintiffs' fee request based on the Court's findings above, the Court awards Plaintiffs

$51,102.50 in attorney's fees and $11,904.77 in costs, for a total of $63,007.27.  That is, of

course, in addition to the amount awarded to Plaintiffs in the judgment, as a result of the jury's

verdict.  The Clerk of Court is directed to terminate Docket No. 119.


        SO ORDERED.

Dated:  September 7, 2017
       New York, New York

                                JESSE M. FURMAN
                                United States District Judge